Jesse A.P. Baker (SBN 36077)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 207
Mercer Island, WA 98040
Telephone: (425) 644-6471
Facsimile: (619) 590-1385

<u>Mailing Address</u>:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON (SPOKANE/YAKIMA)

| | |
|---|---|
| In re | Case No. 20-01798-FPC7 |
| RTK PRODUCERS, INC., | Chapter 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |

JPMorgan Chase Bank, N.A.[1] ("<u>Movant</u>") respectfully moves, pursuant to Federal Rule of Bankruptcy Procedure 4001(a) and section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "<u>Bankruptcy Code</u>"), for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to that certain personal property described as a 2015 Chevrolet Silverado, VIN No. 1GC1KWE89FF566969 (the "<u>Vehicle</u>"). This motion is supported by the points an authorities cited herein and the record currently before the Court.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

MOTION FOR RELIEF FROM AUTOMATIC STAY

Page 1

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425) 644-6471

20-01798-FPC7    Doc 25    Filed 07/01/22    Entered 07/01/22 11:36:00    Pg 1 of 4

## I. FACTUAL AND PROCEDURAL SUMMARY

On or about April 18, 2015, RTK Producers, Inc. ("Debtor") and Ralph Phillips ("Co-Borrower", collectively with the Debtor, the "Borrowers") entered into a Retail Installment Sale Contract Simple Finance Charge (the "Agreement") with Bud Clary of Moses Lake Inc ("Seller") for the purchase of the Vehicle. A copy of the Agreement is attached to the Declaration in Support of the Motion for Relief from the Automatic Stay ("Declaration") as **Exhibit A**.

The original amount financed under the Agreement was $63,723.35, which Borrowers agreed to repay in seventy-two (72) consecutive monthly payments in the amount of $1,014.63 each, commencing June 2, 2015. *See* Declaration, **Exhibit A**.

Seller assigned and transferred the Agreement to Movant.

Pursuant to the Agreement, Borrowers granted Movant a security interest in the Vehicle. *See* Declaration, **Exhibit A**. Movant perfected its security interest in the Vehicle as evidenced by a Vehicle Certificate of Title on record with the State of Washington. *See* Declaration, **Exhibit B**.

On September 24, 2020, Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

Movant is informed and believes, based on the J.D. Power/National Automobile Dealers Association Guide ("NADA Guide"), that the clean retail value of the Vehicle is $47,825.00. A copy of the J.D. Power/NADA Guide is attached to the Declaration as **Exhibit D** and incorporated herein by reference.

Borrowers are in default of their obligations under the Agreement for failure to make payments due and owing to Movant as of September 2, 2020. The total amount of the default is as follows:

| | DESCRIPTION | | AMOUNT | TOTAL |
|---|---|---|---|---|
| 1 | partial payment | 9/2/2020 – 9/2/2020 | $914.63 | $914.63 |
| 8 | payments | 10/2/2020 – 5/2/2021 | $1,014.63 | $8,117.04 |
| | | Interest | | $163.56 |
| | | Late Charges | | $50.00 |
| | | **Total Default (as of June 7, 2022):** | | **$9,244.87** |

Account matured as of May 2, 2021, making the account due in full.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Page 2

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425) 644-6471

20-01798-FPC7    Doc 25    Filed 07/01/22    Entered 07/01/22 11:36:00    Pg 2 of 4

As of June 7, 2022, the balance is due in full in the amount of $9,244.87.[2]

## II. LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(D)(2).**

Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

1. *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). What constitutes cause to terminate the stay is determined on a case-by-case basis. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003) (citation omitted). One example of "cause" prescribed by the statute is a lack of adequate protection. *See* 11 U.S.C. § 362(d)(1); *see also Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985). A lack of adequate protection may include, among other things, the lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments. *See e.g.*, *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted). The failure of a debtor to maintain property insurance may also constitute a lack of adequate protection. *See Delaney-Morin*, 340 B.R. at 370, n.3; *see also In re Barnes*, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991).

As stated above, Borrowers have failed to tender periodic cash payments due and owing to Movant under the Agreement. Moreover, the value of the Vehicle has and continues to depreciate, as evidenced by the decline in value of the Vehicle from the date of the Agreement to the date of Movant's valuation. Based upon the foregoing, Movant submits that Borrowers are unable and/or unwilling to provide adequate protection to Movant, thereby entitling Movant to relief from the automatic stay pursuant to section 362(d)(1).

---

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Contract as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Page 3

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425) 644-6471

20-01798-FPC7    Doc 25    Filed 07/01/22    Entered 07/01/22 11:36:00    Pg 3 of 4

### III. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362 to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests the entry of an order requiring Debtor to: (1) make periodic cash payments to Movant, (b) cure delinquent payments, (c) maintain adequate insurance on the Vehicle, and (d) maintain the condition of the Vehicle;

4. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: July 1, 2022

_____
JESSE A.P. BAKER
Attorneys for Movant
JPMorgan Chase Bank, N.A.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Page 4

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425) 644-6471

20-01798-FPC7    Doc 25    Filed 07/01/22    Entered 07/01/22 11:36:00    Pg 4 of 4